# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CLIFFORD J. SCHUETT,<br><br>            Petitioner,<br>v.<br><br>MR. KOEHN, et al.,<br><br>            Respondents. | Case No. 2:19-cv-01851-APG-DJA<br><br>**ORDER**<br><br>(ECF No. 1) |

Petitioner Clifford Schuett initiated this habeas action by filing a Petition for Writ of Habeas Corpus. ECF No. 1-1. This matter is before me for initial review pursuant to the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, I dismiss this action.

First, Schuett failed to either pay the standard filing fee or file an application for leave to proceed *in forma pauperis* (IFP). He submitted a petition but he did not pay the five dollar filing fee or submit an IFP application for incarcerated litigants with the appropriate supporting documentation. 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2. To proceed in a civil action without paying the standard filing fee, LSR 1-1 of the Local Rules of Practice and 28 U.S.C. § 1915 provide that a prisoner must submit the court's form IFP application for incarcerated litigants. But I will not require Schuett to pay the filing fee because this action must be dismissed.

Schuett signed and dated his petition on October 12, 2019. ECF No. 1-1 at 1. He alleges he is in custody at the Nevada Southern Detention Center, a private correctional facility in Pahrump, Nevada, operated by Core Civic. *Id.* at 1. His petition challenges Core Civic's denial

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

of certain medical devices, including a "medical mattress," and asks the court to order Core Civic to provide such devices to him.[2]

I take judicial notice of the proceedings in Schuett's criminal case in this district. *See United States v. Clifford James Schuett*, Case No. 2:14-cr-0364-JAD. On September 30, 2019, District Judge Jennifer A. Dorsey granted a petition for warrant for offender under supervision and issued a warrant for Schuett's arrest. *Id.*, ECF No. 267. Schuett was appointed counsel and made an initial appearance before the court. *Id.*, ECF No. 276. He was detained pending a hearing on revocation of supervised release. *Id.* Over the next few weeks, Schuett filed five *pro se* motions in his criminal case, including a "motion for habeas corpus" alleging that Core Civic staff denied him medical treatment and devices such as a "medical mattress." *Id.*, ECF No. 285.

On October 18, 2019, Judge Dorsey held a hearing on revocation of supervised release. *Id.*, ECF No. 291. The government moved to dismiss the petition and asked that Schuett's supervised release be modified instead. Judge Dorsey granted the request and modified Schuett's supervised release conditions, ordering him to reside in a residential reentry center. After discussing his five *pro se* motions on the record, Schuett agreed that his motions were moot and Judge Dorsey denied them as moot.

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. *Hendricks v.*

[2] The petition is largely illegible. Although I can discern the gist of Schuett's claims, specifics of the claim I cannot as many words are impossible to read. The petition would therefore also be subject to dismissal, or at a minimum amendment, on the grounds that it is illegible. *See* Habeas Rule 2(c)(4).

*Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). The court may also dismiss claims at screening for procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

Federal law provides two main avenues for relief on complaints related to incarceration: (1) a petition for habeas corpus, 28 U.S.C. §§ 2241, 2254 , 2255; and (2) a complaint under the Civil Rights Act of 1871, 42 U.S.C. § 1983. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004). A prisoner's claim is cognizable under federal habeas statutes only if it falls within the "core" of habeas. *Nettles v. Grounds*, 830 F.3d 922, 930 (9th Cir. 2016) (en banc), *cert. denied*, 137 S. Ct. 645 (2017). If success on a habeas claim would not necessarily lead to a petitioner's immediate or earlier release from custody, the claim does not fall within "the core of habeas corpus." *Id.* at 931. Such claims must be brought, if at all, under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the federal equivalent of § 1983. "If a prisoner is not challenging the fact of his confinement, but instead the conditions under which he is being held," he must use a § 1983 or *Bivens* theory. *Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005). "[P]risoners may not challenge mere conditions of confinement in habeas corpus." *Nettles*, 830 F.3d at 933 (citing *Crawford v. Bell*, 599 F.2d 890, 891–92 (9th Cir. 1979)).

Here, the petition fails to state a cognizable habeas claim. Schuett asserts that Core Civic improperly denied his requests for medical devices. If he were to succeed on this claim, it would mean only that his conditions of confinement would change. He would not be released from custody any sooner. Furthermore, Schuett's petition is likely moot since Judge Dorsey has now ordered him to reside in a residential reentry center. *See* Case No. 2:14-cr-0364-JAD, ECF Nos. 291–292. Because success on Schuett's claims would not lead to his immediate or speedier

release, they do not fall in the "core" of habeas and must be brought, if at all, under § 1983 or *Bivens*. *See Glaus*, 408 F.3d at 386.[3]

And I decline to recharacterize Schuett's petition as a civil rights complaint. When a habeas petition is amenable to conversion on its face, federal courts may construe the petition to plead a civil rights violation. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). However, habeas actions and prisoner civil rights cases "differ in a variety of respects—such as the proper defendant, filing fees, the means of collecting them, and restrictions on future filings—that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus." *Nettles*, 830 F.3d. at 935–36 (quotation omitted); *see also United States v. Seesing*, 234 F.3d 456, 464 (9th Cir. 2000) (holding that a court should not recharacterize a prisoner's pro se filing as a federal habeas petition when doing so may be to the prisoner's disadvantage). In this case, the petition is not amenable to conversion on its face because it is not clear that Schuett has named the proper defendant or whether recharacterization would disadvantage him. I therefore dismiss the petition without prejudice and instruct the Clerk of Court to send Schuett a form Complaint for Violation of Civil Rights (Prisoner): AO Pro Se 14.

I THEREFORE ORDER:

1. Petitioner Clifford Schuett's Petition for Writ of Habeas Corpus (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

2. A certificate of appealability is DENIED as jurists of reason would not find the

---

[3] I have not reviewed other issues that may arise if Schuett files a civil rights complaint. I do not explicitly or implicitly find that a civil rights complaint would be free of deficiencies, procedural or otherwise. And I express no opinion regarding the exhaustion of administrative remedies, which is a prerequisite to filing a complaint presenting constitutional claims to the federal courts. 42 U.S.C. § 1997e (Prison Litigation Reform Act or "PLRA"); *Nettles*, 830 F.3d at 932.

dismissal of this action on these grounds to be debatable or wrong.

3. The Clerk of Court is instructed to enter final judgment and close this case. The Clerk will also mail Schuett a copy of the inmate application to proceed *in forma pauperis* and form Complaint for Violation of Civil Rights (Prisoner): AO Pro Se 14.[4]

Dated: October 22, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[4] The Complaint for Violation of Civil Rights (Prisoner) is available for download on the United States Court's website free of charge: https://www.uscourts.gov/forms/pro-se-forms/complaint-violation-civil-rights-prisoner (last visited Oct. 21, 2019).